WHITTON ET AL. *v.* STATE, 37 Miss. R., 379.

RETAILING LIQUORS, &c.

As a general rule, a partner is not liable for the criminal acts of his associate, done without his knowledge or consent; but by the express provision of the Rev. Code, 199, art. 9, this rule is changed in relation to sales of vinous and spirituous liquors by licensed retailers to an intoxicated person; and under that article, one partner may be indicted and convicted for a sale of such liquor to an intoxicated person by his associate, though he was not present.

It is not necessary to a conviction under an indictment for a violation of the statute prohibiting the sale of vinous and spirituous liquors to a person intoxicated at the time of the sale, that the seller should actually believe that the purchaser was intoxicated; it is sufficient if it be shown that the buyer was actually intoxicated, and that the seller had good reason to believe that he was in that condition.

Ignorance of the law is no excuse for crime; and for this reason it is not error to refuse to instruct the jury, "That where a party is indicted for the violation of a penal statute, it is necessary to a conviction that such party did knowingly and wilfully violate the statute.

Error to Marshall circuit court. THOMPSON, J.

*Featherston, Harris,* and *Watson,* for plaintiff in error,

Cited, Bishop Cr. Law, 224–254; 10 Johns., 443; 2 Taylor Ev., 93.

*T. J. Wharton,* attorney general,

Cited, 1 Greenl. Ev., 111, 112; Rex v. Almin, 1 Leading Cr. Cases, 241; Rev. Code, 199, art. 9.

*J. R. Chalmers,* on same side,

Cited, Rex v. Meddle, 6 Carr. & Payne, 292; Rex v. Gutch, M. & M., 433; 1 Leading Cr. Cases, 247.

HANDY, J.:

The plaintiffs in error were indicted and convicted of selling spirituous liquor to one Greer, who was then intoxicated, they having general license to retail spirituous liquors.

It was proved by Hewett, the only witness on the part of the state, that on one occasion he saw Greer in the town where the spirituous liquor was charged to have been sold; that he knew when Greer was drunk, and considered him so at the time referred to, because he rode his horse up and down the street several times, and made more noise than usual; that he saw him go into the grocery of the defendants on that day and call for a glass of spirituous liquor, which was given to him by the de-

fendant, Whitton, and drunk by Greer, who threw down some money on the counter for it. Witness did not know whether Whitton knew that he was drunk, but thought he ought to have known it; he thought that Greer staggered some when he walked, but got on and off his horse without difficulty. On the part of the defendants, Wright testified that he lived in the town, and did business immediately in front of defendant's grocery, and was frequently there, and saw Greer in the town, and intoxicated, about the time mentioned by Hewett, and heard him call for liquor on that day, and tell Whitton he had no money; to which Whitton replied that he could not get it without the money, and that he saw Whitton sell him no liquor on that day. Both of these witnesses proved that Ford was not present on the occasion referred to; that he lived some distance from the town, and was seldom there, and, so far as they knew, he had no knowledge of this sale.

The first error assigned is to the following instruction, given at the instance of the state: "If the jury believe, from the testimony, that the defendants sold spirituous liquor to Greer, who was then intoxicated, then they will find them guilty as charged; and that it is immaterial whether both the defendants sold the liquor or not, provided both had an interest in the liquor sold."

It is insisted that this instruction was erroneous, because a partner is not liable criminally for the criminal acts of his copartner or his agents employed to do his legal business.

This is true as a general rule of law, and if the instruction was supported alone by general principles, the objection to it would prevail. But the statute in relation to the subject establishes a new rule of evidence, affecting the responsibility of parties so situated. It prohibits, among other things, the sale of any vinous or spirituous liquors by any person having license to retail the same to any person then being intoxicated, and provides that "the person so offending (and also any person who may own, or have any interest in, any vinous or spirituous liquors sold contrary to this act), shall be liable to indictment," &c. Rev. Code, 199, art. 9.

It is admitted that Ford was a partner in the grocery, and interested in the liquor charged to have been sold; the rule, then,

declared by the statute, renders him responsible for the illegal act of his co-partner, done in the course of the partnership business, whether he participated in the act or not, and the instruction is sanctioned by the statute. But it may be said, that to give the statute such a construction would be contrary to the principles of natural justice, and oppressive. This view might be taken with better reason, and, in order to ascertain the true construction of the statute, if there was any room for doubt upon it. But the terms of the statute are plain and explicit, and there is no room for construction upon the point raised by the objection under consideration. Its object is as plain as its terms are clear. It was intended to reach a grievous evil in the community, by which persons of more or less responsibility, engaged worthless and profligate persons in the business of retailing spirituous liquors for the profit of their employers, in violation of the laws of the land, resorting to all sorts of pretences, artifices, and frauds to conceal the violations of law, or the guilty participation of the principals in it. The evil required a stringent process to reach it, and the legislature designed by this statute in some degree to meet and prevent it. Persons who, by their means, set up and enable others to engage in a business which, in its very nature, is almost inseparable from violations of law, have no right to complain that the tribunals of justice are clothed with adequate powers to drag them from their concealment, and to visit upon them some slight degree of punishment for the misery and crime which they have been instrumental in inflicting upon the community within the range of their influence.

The next objection is taken to the second instruction in behalf of the state, which merely states the proposition that if a man commits an act in violation of law, he is liable to the penalties of the law, whether he knew of the law or not, as every man is bound to know the law. This is undoubtedly correct.

The third error assigned is the refusal of the court to give the first instruction asked in behalf of the defendants, which is as follows: "That where a party is charged with a violation of a penal statute, the jury must believe from the testimony, in order

to a conviction, that such party did knowingly and wilfully violate the statute."

This instruction was properly refused, for the same reason just stated. It holds the idea that a party must wilfully intend to violate a statute in order to be liable to the penalty established by it. But as he is bound to know the law, he is held to the consequences of a wilful violation of it, whether he knew of its existence or not. Otherwise, it would be difficult to punish any man for a violation of law, because it might be impossible to prove that he had knowledge of the law. Hence the legal presumption that every man knows the law, and that his violations of it are wilful.

The next error assigned is the refusal to grant the second instruction asked by the defendants, in these words: "That unless the defendants knew, or had good reason to believe, and did believe, that Greer was drunk at the time of the sale, they must acquit, which fact is to be determined by the jury from the evidence."

It was certainly necessary that the defendants should either have known, or had good reason to believe, that the person to whom the liquor was sold was intoxicated at the time of the sale; and if the rule had been thus stated, it should have been given. But the instruction required that the defendants should either know that he was intoxicated at the time, or have good reason to believe, *and believe it*, in order to be liable. If they had good reason to believe that he was intoxicated, and he was in fact intoxicated at the time, the defendants were responsible for the sale; for the good reason to believe that he was intoxicated was a sufficient warning to them not to sell to him; and in law they are chargeable with notice of that which they had good reason to believe, if the fact was as the appearances indicated. It might be impossible to prove what they actually believed; but they were bound to act upon the assumption that what they had good reason to believe was true.

This instruction was, therefore, properly refused.

The last error assigned is that the verdict was contrary to the evidence. In support of this assignment, it is said that the testimony does not sufficiently show that the liquor was sold to

· Greer, or that he was intoxicated at the time. We do not agree with this view. Both of these facts are sufficiently proved by the witness for the state, to warrant the jury in considering them established.

The judgment must be affirmed.