## CLOUD v. THE STATE.

CRIMINAL LAW : *Selling liquor to minors: Principal: Agent.*

Under the act (*sec.* 1609 *Gantt's Digest*) imposing a penalty upon any person who should sell liquor to a minor without the written consent of his parent or guardian, the owner of the liquor can not be punished for an unauthorized sale by his clerk or partner, in his absence, and without his authority or consent. *Aliter*, if sold since the act of the eighth of March, 1879, came in force, imposing a penalty upon any person who shall sell for himself or another, *or be interested in* such sale.

APPEAL from *Franklin* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

*C. B. Moore, Attorney General,* for appellee :
The defendant, by the verdict, was allowed the benefit of the doubt, as to the time the liquor was sold, and can not complain.

ENGLISH, C. J.   On. the eighth of November, 1879, D. M. Cloud was indicted in the circuit court of Franklin county, for selling liquor to a minor.   The indictment charged that defendant, on the twentieth day of June, 1879, in the county of Franklin, unlawfully did sell one pint of ardent liquors, to one Bettis Alston, a minor, without the written consent or order of the parent or guardian of said minor, etc.

Defendant was tried at the May term, 1880, and found guilty by the jury, who assessed his punishment at a fine of twenty-five dollars.   He moved for a new trial, on the grounds that the court erred in instructing the jury, and that the verdict was contrary to the law and evidence. The motion was overruled, judgment rendered on the verdict, and he took a bill of exceptions, and appealed.

On the trial, Bettis Alston was the only witness examined, who testified that he purchased liquor at the storehouse of defendant.   That he was at the time a minor, under twenty-one years of age.   That the liquor so purchased by him was bought at the grocery or storehouse of the defendant, in Franklin county.   He was unable to say whether he bought the whisky from the defendant, or his partner, or clerk, in the house.   That defendant was the owner, or part owner, of the liquors so sold.   That he

could not, and would not, swear that he had purchased any liquor of the defendant. That defendant had no order in writing from his parent or guardian, to sell to him. That on one occasion he applied to the defendant to buy liquor of him, and he refused him because he was a minor. That he could not state whether he bought the liquor at the house of defendant before or since the twenty-eighth of March, 1879, but it was within one year before the finding of the indictment.

The court instructed the jury " that it was immaterial whether the defendant sold the whisky or ardent liquor to the minor, himself, or it was sold by some person in his employ. That if they were satisfied beyond a reasonable doubt that Bettis Alston bought the liquor within twelve months, before the finding of the indictment, and that the defendant was interested in the sale of the liquor, by owning an interest in the liquor sold, whether it was done by him, or his partner, or clerk, he was guilty under the statute, and they must find for the plaintiff. And if they found him guilty, and also found that he sold the liquor before the twentieth of March, 1879, they would assess his punishment at a fine of not less than $25 nor more than $100, and if, after that time, they would assess his punishment at a fine of not less than $50 nor more than $100. "

To which instruction defendant objected.

" If any person shall sell to or buy for a minor, intoxicating spirits, of any kind, without the consent or order, in writing, of the parent or guardian of such minor, he shall, upon conviction thereof, be fined in any sum not less than twenty-five nor more than one hundred dollars. " *Gantt's Digest, sec. 1609.*

Section 19 of the act of the eighth of March, 1879, which went into force twenty days after its passage, follows:

" Any person who shall sell, either for himself or another,

*or be interested in the sale of*, any ardent, vinous, malt or fermented liquors, or any compound or preparation thereof, called tonics, bitters or medicated whisky, to any minor, without the written consent or order of the parent or guardian, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined in any sum not less than fifty nor more than one hundred dollars." *Art. 1879, p. 38.*

There was no evidence that the sale to the minor was made after this act went into force, but it was proved that the liquor was purchased at the storehouse of appellant, within one year before finding of the indictment (eighth of November, 1879,) and hence the jury found him guilty under *section 1609 Gantt's Digest*, above copied, as indicated by the amount of the fine imposed, $25, which was the minimum fine under that statute.

By a general statute: "When any criminal or penal statute shall be repealed, all offenses committed or forfeitures accrued under it, while it was in force, shall be punished or enforced, as if it were in force, notwithstanding such repeal, unless otherwise expressly provided in the repealing statute." *Gantt's Digest, sec. 5623;* see *McCuen v. the State, 19 Ark., 634; Volmer v. The State, 34 Ark., 48.*

The charge of the court that it was immaterial whether defendant sold the liquor to the minor, himself, that he was criminally liable if interested in the sale by owning an interest in the liquor sold, whether it was sold by him, his partner, or his clerk, was made to apply, without discrimination, to both the statutes copied above, from *Gantt's Digest*, and the nineteenth section of the act of the eighth of March, 1879. This section, in terms, is made to apply to persons *interested in the sale* of liquor to minors, as well as to persons making the sales. (See *Whitton et al. v. The State, 37 Miss., 379; Smith v. Village of Adrian, 1 Mich., 495; The State v. Neal, 7 Foster, N. H., 131.* But there is no

such provision in *sec. 1609 Gantt's Digest*, under which appellant was convicted. In prosecutions under that statute, the general rule of law, as to criminal agency, applies. If the liquor was sold to the minor by the partner or clerk of appellant, in his absence, and without his discretion, authority, consent or approbation, though a part owner of the liquor, he would not be liable, upon the general principle that a man is not responsible for the criminal acts of his partner or agent. They must answer for their own criminal conduct. See cases cited above and *Bishop on Statutory Crimes, sec. 1024; 1 Bishop Cr. L. (5th ed.), secs. 218, 221.*

For this error, in the charge of the court, the judgment must be reversed, and the cause remanded for a new trial.