# SUPREME COURT

——OF THE——

# STATE OF ARKANSAS

——AT THE——

# MAY TERM, 1886.

---

## MOGLER v. STATE.

1.  LIQUOR: *Indictment; Selling to minor without consent.*
    An indictment for selling liquor to a minor "without the written consent" of his
    parents or guardian is sufficient without including the words " or order." To
    negative consent is to negative the order. An oral order will not justify the
    sale.

2.  SAME: *Sale by bar-tender.*
    The absence of a saloon-keeper when a sale of liquor is made by his bar-tender
    and his directions not to sell to a minor will not exempt him from liability for
    the sale.

APPEAL from *Phillips* Circuit Court.

Hon. M. T. SANDERS, Circuit Judge.

*Stephenson & Trieber* for Appellant.

Mogler v. State.

1. The indictment does not negative an order in writing from the parent or guardian. *35 Ark., 324; 37 Id., 407.* In construing a statute effect must be given to every word, and none are to be treated .as surplusage, etc. *35 Cal., 576; 14 Md., 184; 11 Ark., 44; 22 Pick., 571.*

2. The appellant was not present when the sale was made, nor did he consent to it in any manner, but it was against his positive instructions and orders. A person cannot be criminally punished for the act of another. *36 Ark., 153. Robinson v. State, 38 Ark., 641,* is not applicable to this case.

*D. W. Jones,* Attorney General, for Appellee.

The appellant was indicted for selling liquor to a minor without the written consent of the parent or guardian. The indictment is in the language of the statute. *Sec. 1878, Mansf. Dig.,* and cases there cited. The sale by the bartender contrary to the directions of the appellant was no defense. *Robinson & Warren v. State, 38 Ark., 641; Edgar v. State, 45 Ark., 356.* Every question raised herein has been settled in the cases above cited and the judgment of the lower court should not be disturbed.

COCKRILL, C. J. It is a misdemeanor to be *interested in* a sale of liquor to a minor " without the written consent or order of the parent or guardian." *Mansf. Dig., sec. 1878.* The appellant was indicted and convicted of this offense. The charge was in the language of the statute except in this particular, viz: the words " or order " were omitted from the indictment. There was a demurrer and a motion in arrest of judgment on this account, which the court overruled.

The existence of an order from the parent or guardian for the sale of the liquor was negatived by the allegation that the sale was made without written consent. An oral order is not

sufficient to justify the sale (*Hill v. State, 37 Ark., 395; Pounders v. State, Ib., 399*), and a written order is necessarily a written consent to the making of the sale, so that if there was no consent there was no order from the parent or guardian.

The appellant's absence from his saloon when the bar-tender sold the liquor to the minor affords him no defense to the charge. *Robinson v. State, 38 Ark., 641; Waller v. State, Ib., 656; Edgar v. State, 45 Id., 356.* It was to cover just such cases as this that the prohibition against the sale of liquor to minors was extended to the person who entrusts the business to another, but himself enjoys the profits. *Cloud v. State, 36 Ark., 151.*

The fact that he had given directions to his bar-tender to refuse to make sales to minors could not aid him further than to commend a mitigation of the punishment the law imposes. "The offense is of that class where knowledge or guilty intent is not an essential ingredient in its commission." *Redmond v. State, 36 Ark., 58.*

There is no error in the judgment and it must be affirmed.