## WILSON *v.* STATE.

### Opinion delivered January 15, 1898.

CRIMINAL LAW—GAMBLING IN DRAMSHOP.—If a bartender, without his principal's knowledge or consent, permits gambling in a dramshop, the principal is not guilty of a violation of Sand. & H. Dig., § 1904, providing that "if any person having a license to keep a tavern or dramshop shall *knowingly* permit any person to play at a game of cards, dice or other gambling device within his house, outhouse, curtilage or enclosure, he shall be deemed guilty of a misdemeanor."

Appeal from Hempstead Circuit Court.

RUFUS D. HEARN, Judge.

#### STATEMENT BY THE COURT.

The appellant was indicted and convicted for violating section 1904 of Sandels & Hill's Digest, which is as follows, to-wit: "If any person having a license to keep a tavern or dramshop shall knowingly permit any person to play at any game of cards, dice or other gaming device within his house, outhouse, curtilage or enclosure, he shall be deemed guilty of a

misdemeanor, and, on conviction, in addition to the punishment prescribed by law for such offense, his license shall be cancelled." Upon conviction the appellant was fined $50, and his license was revoked. He appealed to this court. The appellant kept a licensed saloon.

The evidence in the case shows that appellant lived at Hope in Hempstead county, this state; that the saloon of the appellant, where the gambling is charged to have been done, was at Washington in said county, about nine miles from Hope; that he was not present when the gambling, for permitting which he was indicted, took place.

The saloon was in charge of Brit Allen, the employee of the appellant, who had been forbidden by appellant to allow any gambling in the house. The proof tended strongly to show that appellant did not know of the gambling in his saloon; that he was not often at the saloon at Washington. And he swore that he did not know of it, and did not know that gambling had been permitted in his saloon until after he was indicted; that he would not have permitted it had he known of it.

The court instructed the jury as follows: "If you find from the evidence beyond a reasonable doubt that the defendant is a licensed keeper of a saloon or dramshop in this county, and that he knowingly permitted the gaming charged in the indictment in his house or building, in which he kept his dramshop or grocery, or if you find that his employee or employees, who were kept by him in charge of or keeper for the dramshop, knowingly permitted the said gaming to be carried on in his said house, the knowledge of the employee would bind the defendant, and you may find him guilty."

To the giving of this instruction, the appellant excepted, filed his bill of exceptions, and brought the case to this court.

*W. M. Greene* and *F. T. Vaughan*, for appellant.

In an indictment for permitting gaming, framed under section 1904, Sand. & H. Dig., it is necessary to allege that such gaming was "knowingly" permitted by defendant. Since it was necessary to allege such knowledge, it is necessary to prove it. 10 Ark. 259–265. The statute is penal, and is to be strictly construed. 47 Ark. 555–7; 38 Ark. 519. Knowledge

of the agent in such a case as this is not sufficient to render the principal liable. 36 Ark. 151–155; 49 Ark. 60; 51 Ark. 550; 53 Ark. 325; 55 Ark. 188; 59 Ark. 341. The cases in 38 Ark. 641, 657, and 47 Ark. 109, are based on a statute which makes it punishable to "be interested in the sale" of liquor, and hence they are not parallel to this case. Sand. & H. Dig., § 1812. Wherever *scienter* is made an element of a statutory crime or misdemeanor, it must be proved. Sand. & H. Dig., §§ 1460, 1566, 1585, 1599, 1616, 1765, 1774 and 1793 include *scienter* as an element of the offense, and this knowledge must be personal knowledge, and must be proved. 36 Ark. 629–636; 12 Am. & Eng. Enc. Law, 522–5, and cases cited; 2 Bish. Cr. Pro. (2 Ed.) §§ 364 and 868; Suth. Stat. Const. §§ 208, 347, 358; Bish. Stat. Cr. §§ 729, 738, 821–2 and 1022; 12 Am. & Eng. Enc. Law, pp. 522–3–4–5, and cases cited; Wharton, Cr. Evid. § 102; 4 Laws (N. Y.), 17–22; 1 McLain, Cr. Law, §§ 128, 186, 188, 191, 192; 2 *ib.* 1237, 1257; 1 Bish. Cr. Law, §§ 218, 222, 316, 317; 1 Wharton, Crim. Law, §§ 135, 247, 1503; 9 Tex. App. 387; 18 *ib.* 444; 49 Mich. 333; 86 *ib.* 180; 71 Mo. 275; 93 *ib.* 123; 110 *ib.* 398; 111 *ib.* 204; 13 N. W. 618; 24 N. W. 575; 4 N. E. 817; 8 *ib.* 340; 8 *ib.* 341; 4 Atl. 761; 5 S. W. 691; 22 Ohio St. 305; 44 Barb. 170; 98 Mass. 6; 51 Ind. 192; 23 Minn. 181; 67 Iowa, 27; 19 Conn. 398; 41 Hun, 723; 153 Mass. 421; 110 N. C. 560, dissenting opinion, and cases cited.

*E. B. Kinsworthy,* Attorney General, for appellee.

This statute is an exercise of police power, and the legislature has power to attach a penalty for its violation, irrespective of any criminal intent. 38 Ark. 641; 38 Ark. 656; 123 U. S. 623; 59 N. W. 999. So, one may be held responsible for the acts of his agent, in his absence and contrary to his instructions. 47 Ark. 109; 45 Ark. 356; 36 Ark. 58; 63 Md. 551; 5 S. E. 315; Wh. Cr. Law, §§ 247, 341, 1422; 86 N. C. 708; 98 N. C. 619; 110 N. C. 560; 1 Q. B. Div. 89; L. R. 9 Q. B. 292; 15 S. E. 103; 75 Ga. 258.

HUGHES, J., (after stating the facts.) The question presented by the instruction above copied is, does the knowledge of the employee bind the principal, under the statute making

the principal guilty if he knowingly permits gambling in his saloon or dramshop? Is the principal guilty if, without his knowledge or consent, the employee or bartender permit gambling in house of the principal where or in which his dramshop is kept? We think it clear, from the language of the statute, that he is not guilty in such case. Before he could be guilty, it would have to be shown that he knowingly permitted the gambling. This implies personal knowledge, and not the knowledge merely of his agent or employee. If the agent or employee permitted the gambling, without the knowledge or consent of his principal, the principal is not guilty of knowingly permitting it, for he did not know it; and the employee cannot bind his principal, especially for a criminal violation of the law.

In the case of *Cloud* v. *State*, 36 Ark. 151, which was a prosecution for selling liquor to a minor, this court held that "the general rule of law as to criminal agency applies. If the liquor was sold to the minor by the partner or clerk of the appellant, in his absence, and without his direction, authority, consent, or approbation, he would not be liable, upon the general principle that a man is not responsible for the criminal acts of his partner or agent. They must answer for their own criminal misconduct."

In *Mogler* v. *State*, 47 Ark. 109, and other cases decided since the case of *Cloud* v. *State*, *supra*, it is held that the fact that whiskey is sold to a minor without the written consent of his parent or guardian by the bartender in the absence of the saloon keeper is no defense. This was because, since the decision of *Cloud* v. *State*, the statute had been extended so as to make it a misdemeanor to be interested in the sale of liquor to a minor "without the written consent or order of his parent or guardian." Sec. 19, act of March 8, 1879, p. 38. In the case at bar there has been no such extension of the prohibition, and it must be confined to one who knowingly permits gambling in his saloon.

For the error of the court in instructing the jury as above set out, the judgment is reversed, and the cause is remanded for a new trial.