BEANE v. STATE.

Opinion delivered April 16, 1904.

1. SABBATH BREAKING—KEEPING DRAMSHOP OPEN.—In a prosecution for keeping open a dramshop on Sunday, evidence that defendant had a license to keep a dramshop at a certain town, and that a dramshop

was kept open there on that day, is insufficient to support a conviction because it does not appear (a), that defendant was the owner of or interested in the dramshop so unlawfully kept open, or (b) that it was kept open with his knowledge and consent. (Page 370.)

2. SAME—The owner of a dramshop cannot be convicted of unlawfully keeping the dramshop open on Sunday without proof that it was kept open with his knowledge and consent. (Page 371.)

Appeal from Stone Circuit Court.

FREDERICK D. FULKERSON, Judge.

Reversed.

### STATEMENT BY THE COURT.

The appellant was indicted (with others) for the crime of Sabbath breaking, by keeping open a dramshop. S. R. Henderson testified that about the 28th of September, 1902, he saw Benton Collie and another man go into the saloon at Sylamore, Stone county, Arkansas; didn't know whether he sold any whisky or not; just saw them enter. W. O. Beane was not there at the time; saw strangers going in and out; took them to be railroad men. J. N. Craig testified that he was county judge of Stone county during the year 1902, when license was granted to W. O. Beane & Co. to sell liquor at Sylamore. Did not at the time, and does not now, know who "the company" was. This was all the evidence.

The court instructed the jury that "if either of the defendants was interested in the dramshop, as owner or otherwise, it is immaterial what that interest was, or whether he was present at the time it was kept open, if you find it was, or that he ever had any knowledge thereof, when it is kept open by a partner or bartender."

*B. F. Williamson, J. B. Baker, Wright & Matheny,* for appellant.

There was no evidence upon which to base the verdict. 1 Bish. Cr. Pro. § 1051; Clark, Cr. Pro. 539; 59 Ark. 431; 62 Ark. 478. The giving of an instruction unsupported by evidence is erroneous. 16 Ark. 651; 23 Ark. 287, 730; 24 Ark. 251; 26 Ark. 513; 41 Ark. 382; 42 Ark. 57; 54 Ark. 336; 57 Ark. 615; 58

Ark. 198; 56 Ark. 387; 63 Ark. 177, 563; 69 Ark. 130, 380; 70 Ark. 79, 136. The instruction ignores the law of criminal agency. 1 Bish. Cr. L. § § 218, 221; 145 Mass. 289; 40 Ala. 60; 10 R. I. 258; 15 R. I. 324; 36 Ark. 151. In cases of illegal sale of liquor, the direct authority of the employer must be proved. 33 Mich. 333; 49 Mich. 333; 141 Mass. 270; 24 Ind. 131; 23 Minn. 181; 3 Green, (Ia.) 566; 9 Tex. App. 287; 4 Oh. St. 563; 36 Am. Rep. 803; 48 Ind. 579; 39 Ind. 553; 44 Barb. 170; 18 Ind. 35.

WOOD, J. (after stating the facts.) There was no evidence to support the verdict. The evidence does not show that the appellant kept open the saloon himself. It does not show that appellant had any interest in the saloon that was kept open. In the absence of any showing that appellant was the owner or interested in the saloon that was kept open on Sunday, the jury could not infer (since he was not present) that it was kept open with his knowledge, much less with his assent.

The fact that license was granted to W. O. Beane & Co. to sell liquor at Sylamore does not establish the fact that Beane was interested in the particular saloon that was kept open. There was no proof that the saloon that was kept open at Sylamore was the only saloon there, or that it belonged to Beane.

The statute under which appellant was indicted does not make the owner or one who is interested in a dramshop that is kept open on Sunday guilty of a violation of the law, whether such dramshop is kept open with the knowledge and consent of such owner or not. In the absence of such statute, the general rule of criminal law must obtain that no one is held criminally liable for the criminal acts of his agent, servant or partner, done without his knowledge or consent. Where the owner of a dramshop is indicted for the offense of keeping open his dramshop on Sunday, and the proof shows that the saloon was kept open by another, then the guilt or innocence of the owner would depend upon whether or not the saloon was kept open with his knowledge and consent. As the owner of a saloon has the control of same, the jury might very well conclude, where one is shown to be the owner, that he had knowledge or consented to keeping same open on Sunday, although not present when the act was done. For it

would be highly improbable that such an act would be done without the owner's knowledge or consent. Still, whether or not such knowledge and consent exists is a question of fact for the jury to determine, and it is improper for the learned trial judge to tell the jury, as he did, that if the defendant was interested that fact would make him guilty, whether he was present or not, or had knowledge of the crime or not. The rule applicable to such cases is aptly stated in *Commonwealth* v. *Hayes,* 145 Mass. 295, as follows: "It is a question of fact for the jury whether a sale by a servant in violation of a license was made by the authority or with the consent of his master, and that no presumption of law of any kind arises from the facts that it was made by the servant in his master's shop, in the ordinary course of the master's business, and from liquors owned by the master and there kept for sale. Evidence of these facts may be sufficient to warrant a jury in inferring as a fact that the sale was made by the authority or with the consent of the master, but the weight of this evidence and the inferences to be drawn from it are for the jury." See also *Com.* v. *Briant,* 142 Mass. 463; *Com.* v. *Stevenson, Id.* 456; *State* v. *Cloud,* 36 Ark. 151.

For the errors indicated, the judgment is reversed, and the cause is remanded for a new trial.