EMMA MATHRE v. STORY CITY DRUG COMPANY, ET AL., Appellants.

**Intoxicating liquors:** CIVIL DAMAGES: ACTION BY WIFE: EVIDENCE.
1  In an action by the wife for damages on account of the sale of liquors to the husband, evidence that the husband's intoxication prevented him from procuring or holding a permanent position during the time in question was competent; but evidence of care given children during intoxication was incompetent, still its admission was not reversible error.

**Illegal sale by partner:** LIABILITY OF FIRM AND MEMBERS.  A firm
2  and each partner is liable in damages, under Code Section 2403, for the illegal sale of liquor by a member of the firm, though not made with their consent or knowledge.

*Appeal from Story District Court.*— HON. J. H. RICHARD, Judge.

THURSDAY, MARCH 8, 1906.

SUIT by a wife to recover damages for the intoxication of her husband.  Trial to a jury, and a verdict and judgment for the plaintiff.  The defendants appeal.— *Affirmed.*

*E. H. Addison* and *G. W. Dyer,* for appellants.

*McCarthy & Lee* and *A. L. Bartlett,* for appellee.

SHERWIN, J.—This case was consolidated for submission here with the case of the same party plaintiff against

W. A. Devendorf, and the two were submitted together for one opinion. The records are not the same, however, and we find it necessary to consider them separately. It was competent to· show that the intoxication of the husband prevented

1. INTOXICATING LIQUOR: action by wife for damages; evidence.

him from securing or holding a permanent position during the time in question, and there was no error, therefore, in admitting such testimony.

The care given the children by the husband, when intoxicated and otherwise, was not a matter of moment, but it could not have prejudiced the case to such an extent as to require a reversal.

Nor are there any errors in rulings on the admission of testimony demanding a reversal. The criticism of the eleventh, twelfth, and thirteenth instructions given in the instant case are answered by what we say relative to the eleventh and twelfth instructions in the Devendorf Case, submitted herewith, and we need not again go over the ground, for the instructions are practically the same. There was no error in denying the defendants motion for a directed verdict, because there is sufficient evidence of actual damage to sustain the verdict and judgment.

The Story City Drug Company was a partnership, the members of which were the defendants Joel E. Cagwin and Mary Dunning. At the close of the plaintiff's evidence in chief the defendants moved to dismiss as to the drug company and Mary Dunning, which motion was overruled, and the ruling is assigned as error.

2. ILLEGAL SALE BY PARTNER: liability of firm and number.

It is, of course, fundamental that the principles of agency apply to partnerships, and that the partnership and each partner are liable for the acts of the others when they are acting in the ordinary course of the business of the firm, or are authorized to so act. On the other hand, a firm or a partner will not ordinarily be liable for the willful or negligent tort of a partner acting beyond the scope of

his authority. *Gwynn v. Duffield,* 66 Iowa, 708. But an exception to this rule exists wherever the matter is controlled by statutory enactment. Section 2403 of the Code of 1897 (section 1539 of the Code of 1873) prohibits the selling or giving of intoxicating liquor to minors or to any intoxicated person, or one in the habit of becoming intoxicated, by any person himself or by his agent or otherwise, and we have held thereunder that unlawful sales by an agent, whether made with or without the consent or knowledge of the principal, makes the latter liable for the penalty therein provided. *Dudley v. Sautbine,* 49 Iowa, 650. See, also, *Com. v. Uhrig,* 138 Mass. 492; *Zeigler v. Com.* (Pa.) (14 Atl. 237); *Mullinix v. People,* 76 Ill. 211; *Robinson v. State,* 38 Ark. 641; *Whitton v. State,* 37 Miss. 379; *Smith v. Village of Adrian,* 1 Mich. 495. Section 2418 of the Code, under which this action was brought, creates a civil liability in favor of the wife for selling to her husband contrary to the statute. It is in effect the same as the other section referred to, and we think it is governed by the *Dudley-Sautbine Case.* There was no error, therefore, in the ruling on the motion to dismiss.

The judgment is *affirmed.*