## LUDWIG *v.* NORDMAN.

1. APPEAL AND ERROR—DE NOVO REVIEW—CHANCERY CASES—ADEQUATE REMEDY AT LAW.

   Since the Supreme Court hears chancery cases *de novo,* where issue as presented by amended pleadings was heard by trial court as a chancery case and no question was raised either there or in Supreme Court as to whether plaintiff had an adequate remedy at law, case on review is assumed to be a chancery case without deciding that it is such a case.

2. PRINCIPAL AND AGENT—EVIDENCE OF AGENCY—ADMISSIONS.

   In suit wherein plaintiff's amended bill sought to require defendant to account for difference between sum he actually paid for cattle and sum plaintiff paid in excess thereof less reasonable charge for services, agency of defendant was established by claim that he was plaintiff's agent and defendant's admission thereof by both parties in their pleadings and on the hearing as the case was presented to the circuit judge.

3. EQUITY—SUPREME COURT—JURISDICTION.

   The Supreme Court does not have original jurisdiction in equity.

4. APPEAL AND ERROR—DEFENSES—CHANGE OF THEORY.

   A defendant appellant may not change the theory of defense upon which a chancery case is heard on appeal to one not based on the pleadings nor heard in the circuit court.

5. PRINCIPAL AND AGENT—EVIDENCE—MISREPRESENTATION.

   Testimony supported finding of circuit judge that plaintiff was entitled to recover the difference between sum actually paid by defendant, as plaintiff's agent, for cattle and sum defendant claimed to plaintiff he had paid and also amount defendant should have for his expenses and services in acting as principal's agent.

Appeal from Lapeer; Des Jardins (George W.), J. Submitted October 3, 1945. (Docket No. 24, Calendar No. 42,890.) Decided December 3, 1945.

Bill by John Ludwig against Edward Nordman to set aside sale of livestock and for return of purchase price. After answer, bill amended to require accounting by defendant. Decree for plaintiff. Defendant appeals. Affirmed.

*George J. Haines,* for plaintiff.

*Herbert W. Smith,* for defendant.

BOYLES, J.   Plaintiff filed a bill of complaint alleging that the defendant had sold to him 12 cows and a bull, had expressly represented that these cattle were registered stock, that plaintiff relying entirely on said representations paid the defendant for the cattle, that the representations were false, the cattle were not registered stock, that the defendant was about to dispose of all his property to make himself execution-proof, wherefore the plaintiff prayed that the aforesaid sale be set aside, that the defendant be decreed to return the purchase price to plaintiff, and that the defendant be enjoined from disposing of any of his property until the further order of the court. No question was raised by the defendant that the plaintiff had an adequate remedy at law.

The defendant answered by denying substantially all the material allegations in the bill of complaint, particularly denying that the transaction between the parties had been a purchase and sale, that he had sold these animals to the plaintiff, or that the plaintiff had purchased them from him. In his answer the defendant claimed that:

"On or about the 20th day of March, 1942, said plaintiff informed this defendant that he was interested in registered Jersey cows and asked this defendant if he knew where he could find some, stat-

ing that he would like to buy them. This defendant informed plaintiff that he did not know of any, but that he would look around and see what he could find and let him know. This defendant after making several trips in the northern part of the State, in the vicinity of Traverse City, found a place where some Jersey cattle could be purchased and informed the plaintiff and of the approximate price for which he could buy 12 cows and 1 bull. The plaintiff then requested this defendant to go ahead and try and buy them there for him and this defendant purchased said cattle for said plaintiff. * * * This defendant further says that he never owned these cattle, that they were purchased by him for the plaintiff at his request and that the plaintiff paid this defendant for his services in trucking the cattle and for his buying the cattle for him.''

The defendant having thus plainly claimed as an affirmative defense that the transaction was not a purchase and sale, but that on the contrary he was merely acting as plaintiff's agent in the matter, the plaintiff filed an amendment, adding paragraph 5 to the bill of complaint, as follows:

''Defendant in his answer states in effect that he, said defendant, acted in the transaction involved in this cause only as agent for this plaintiff, therefore he should have charged and received the amount only that he paid in the purchase of said cattle acting as such agent, but plaintiff alleges the facts to be that said defendant represented to this plaintiff that he, said defendant, paid for said cattle the total sum of $2,925, and upon such representation this plaintiff paid to the said defendant and the said defendant obtained from said plaintiff the sum of $2,925, plus $75 trucking charge and $300 so-called 'com & buying expense,' in accordance with an itemized statement at the time presented by defendant to plaintiff and now in the latter's possession,

whereas plaintiff is informed and believes that said defendant paid for said cattle only the total sum of $1,725.''

Plaintiff also amended his prayer for relief by adding the following:

''Plaintiff further prays that this court require and order the said defendant to render a true and correct accounting to this plaintiff, setting forth the true and correct amount he, said defendant, paid for each of said cattle, and return to said plaintiff all sum and sums he has received from said plaintiff in excess of such amount paid by him, less a reasonable charge for trucking and for his services.''

The defendant answered the amendments as follows:

''Defendant admits the allegations in paragraph five that this defendant acted as the agent for plaintiff in the purchase of said cattle but denies that the purchase price paid to the sellers of said cattle constituted the entire cost of said cattle to be paid by the plaintiff. Further answering said paragraph, this defendant says, that it was necessary for this defendant in order to find the cattle that could be purchased for said plaintiff to travel with his automobile in excess of 4,000 miles, and to lay out and expend large sums of money for gasoline, hotel bills, and other expenses, taking over three weeks in time to find and purchase these cattle, which expenses were all added to the cost paid to the seller as the total cost of said cattle.''

The case was heard by the circuit judge as a chancery case on the new issue thus presented by the amended pleadings, no question being raised there, or in this court, that the plaintiff had an adequate remedy at law. The circuit judge found that the defendant as agent for the plaintiff had repre-

sented that he had paid $1,250 more for said cattle than he actually did pay, and had charged excessive commissions and expenses, and the court entered a "decree" that the defendant pay plaintiff $1,556.13. The defendant appeals.

Admittedly we hear chancery cases *de novo*. Assuming but not deciding that this is a chancery case, on review of the record *de novo* we would be at a loss to find sufficient evidence to establish an agency in this transaction except for the fact that agency is mutually claimed and admitted by both parties in their pleadings, and on the hearing as the case was presented to the circuit judge. At the beginning of the hearing Mr. Haines (attorney for plaintiff) made an opening statement to the court in which he stated that, as defendant had stated in his answer that he acted as agent for the plaintiff, the plaintiff would take that position and proceed with the case accordingly. Thereupon the court asked counsel for defendant:

"*The Court* (to Mr. Smith): Mr. Smith, your answer does claim agency?
"*Mr. Smith:* Yes, your Honor."

That there might be no misunderstanding of the issue, the court at the conclusion of the taking of testimony ascertained of counsel what their understanding of the situation was, as follows:

"*The Court:* The case has been tried on that theory, and your suit now is for an accounting, then, of the funds Mr. Ludwig paid to Mr. Nordman, is that correct?
"*Mr. Libbers* (attorney for plaintiff): Yes, that is right.
"*The Court:* You are not asking, are not in a position to ask, in an action of this kind, for damages

beyond that, would you, the accounting of the funds in the hands of the agent?

"*Mr. Libbers:* I believe that is true.

"*The Court:* Is that your understanding of the situation?

"*Mr. Smith* (attorney for defendant) : That is my understanding."

Thereupon the court concluded:

"Now the issue here, as both counsel have stated, is what is the responsibility of an agent, and whether or not Mr. Nordman as agent for Mr. Ludwig, has in his possession money which he should return.  *  *  *  The sole question is whether or not as the agent for Mr. Ludwig he had a right to charge more than he paid for the cattle."

Under these pleadings the issue as tried before the circuit judge was whether the defendant had misrepresented the amount of money he, as plaintiff's agent, had paid for the cattle and, if so, the amount which plaintiff was entitled to recover. Notwithstanding that fact, the ground on which the defendant now seeks review, and on which he relies for reversal, is that the defendant was not plaintiff's agent, but that the transaction was a purchase and sale in which no misrepresentations had been made. We do not have original jurisdiction in equity. The defendant cannot now upset a chancery decree on appeal, based on a claim which is entirely the opposite of the claim made by him in the pleadings and on which the circuit court heard the case. To hear this case *de novo* on the theory now advanced by appellant would mean for this court to hear a new case, not based on the pleadings, and not heard in the circuit court. We could only speculate as to what proofs might have been adduced if the issue had been presented and the case heard below on the ques-

tion as to whether the defendant had misrepresented the cattle to be registered stock.

The conclusions reached by the circuit judge as to the difference between the amount paid by the defendant for the stock as plaintiff's agent and the amount that the defendant claimed to plaintiff he had paid, and also the amount the defendant should have for his expenses and services in acting as plaintiff's agent, were within the range of and supported by the testimony. We find no merit in the reasons urged for reversal.

Affirmed, with costs to appellee.

STARR, C. J., and NORTH, CARR, BUTZEL, BUSHNELL. SHARPE, and REID, JJ., concurred.