BROWN v. BARTLETT.

1. INSURANCE—CHANGE OF BENEFICIARY—MENTAL COMPETENCY OF INSURED—FINDING OF COURT.

Trial court's finding the insured under life insurance policy was mentally incompetent at time he executed a change of beneficiary *held,* supported by record.

2. SAME—CANCELLATION OF CHANGE OF BENEFICIARY—EQUITY.

Defendant attorney who became beneficiary under $2,500 policy of insurance on life of deceased in exchange for cash payment to insured of $500, assumption of a $115 coal bill of decedent and release of decedent from liability for legal services was entitled to return of sum paid for such status at suit of decedent's widow to cancel the change of beneficiary, since his claim of the entire insurance fund based on such consideration is not inconsistent with a claim for benefits conferred upon the decedent.

3. COSTS—CANCELLATION OF INSTRUMENTS—CHANGE OF BENEFICIARY—FAILURE OF EITHER PARTY TO PREVAIL IN FULL.

No costs are allowed in suit to cancel change of beneficiary under a life insurance policy, where neither party has prevailed in full.

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 16, 1952. (Docket No. 50, Calendar No. 45,228.) Decided June 2, 1952.

Bill by Marie A. Brown, individually and as special administratrix of the estate of Lee L. Brown, de-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur, Insurance § 1322.
[1, 2] Avoidance on ground of fraud, mistake, duress, or mental incompetency of otherwise validly effected change of beneficiaries of insurance policies. 105 ALR 950.

ceased, against V. Leland Bartlett and Travelers Insurance Company of Hartford, Connecticut, to set aside change of beneficiary on life insurance policy and to correct policy so as to name her beneficiary. Consent decree of interpleader entered. Decree for plaintiff. Defendant Bartlett appeals. Modified and affirmed.

*Walter M. Nelson* and *Daniel W. Ross,* for plaintiff.

*Snider & Feikens,* for defendants.

DETHMERS, J. The life of plaintiff's deceased husband had been insured for $2,500. The policy named her beneficiary. She paid most of the premiums. A number of years before his death he was discharged from his job because of constant and excessive use of intoxicating liquors. Habitual drunkenness ultimately led to the separation, but not divorce, of the husband and wife. He then quitclaimed his interest in their home to her and she gave him $1,000 which he applied on a house thereafter occupied by him.

Bartlett, hereinafter called defendant, an attorney, became acquainted with decedent while attempting to collect from him a past due account owing a coal company. In that connection they saw each other frequently and occasionally, on request, defendant gave decedent legal advice. Decedent informed defendant that he wished to raise some money, stated that he had separated from his family, and complained about the life insurance policy on which it was necessary for him to pay premiums but from which he would never derive personal benefit. He proposed that for a consideration he would cause defendant to be named beneficiary. After some negotiations defendant paid decedent $500 cash, as-

sumed the obligation of $115 due the coal company, and released decedent from all liability to defendant for legal services rendered, in exchange for which decedent executed a change of beneficiary in favor of defendant. A few months later decedent died.

Plaintiff filed a bill of complaint praying that the change of beneficiary be cancelled, that the insurance policy be corrected to name her sole beneficiary, and that she be decreed so to be. The trial court found that decedent had been mentally incompetent when he executed the change of beneficiary and entered a decree granting plaintiff relief as prayed. Defendant appeals.

It would serve no worthwhile purpose to recount the testimony on both sides touching on decedent's mental competency. Defendant and his secretary testified that decedent was sober and competent when he executed the change of beneficiary. Others testified that he was constantly intoxicated, that mental and physical deterioration had set in, and that at no time during the last few years of his life had he been competent to transact business. The trial court saw and heard the witnesses and, apparently, took into account the interest of each in the case as well as the existence of the confidential attorney and client relationship between decedent and defendant, which the court considered the latter to have violated and breached. There was ample testimony, if believed by the court, to justify a finding of mental incompetence on decedent's part and of overreaching on defendant's part at the time the change of beneficiary was executed. (As to voidability of contracts under such circumstances and, if set aside, equitable grounds governing rights of respective parties, see *Lynder* v. *Schulkin,* 305 Mich 451, and cases cited therein.) After examination of the entire record we cannot say that, had we been in the position of the trial court, we would have found otherwise.

Defendant urges that, if the agreement between him and decedent be held for nought, the benefit inuring to the latter thereunder should be restored to defendant, citing *Gates* v. *Cornett,* 72 Mich 420, and *Moran* v. *Moran,* 106 Mich 8 (58 Am St Rep 462). These cases lend support to defendant in this regard. See, also, *Lynder* v. *Schulkin, supra.* Plaintiff objects, however, contending that defendant made no such claim in the trial court but at all times demanded nothing other than the full $2,500 face amount of the policy and that, consequently, he may not now change theories in this Court, citing *Ludwig* v. *Nordman,* 313 Mich 31. The latter is not in point. Defendant therein urged on appeal a defense based upon a theory and claim of facts inconsistent with and directly contradictory to those advanced by him in the trial court. In the instant case defendant has not shifted to an inconsistent theory in this Court but, on the contrary, has maintained the validity of the change of beneficiary consistently in both courts, claiming on appeal, however, that, if this Court should hold to the contrary, equity requires return of the sum he paid for it. In this we concur.

A decree may enter in this Court in conformity herewith. No costs, neither party having prevailed in full.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.