HON. CHARLES W. WHIPPLE, C. J.
HON. WARNER WING,
HON. GEORGE MILES,            } JUSTICES.
HON. SANFORD M. GREEN,
HON. EDWARD MUNDY,

———————ꝏ0000———————

### SMITH v. VILLAGE OF ADRIAN.

Where, in declaring for a penalty given by ch. 41, R. S., for selling spirituous liquor without a license, the plaintiff adopts the form of declaration given by sec. 32, he cannot be required, on the trial, to elect the penalty or penalties he seeks to recover.

Where S. and M. are engaged as partners in keeping a recess, and selling liquor without a license, the selling of liquor by M. is the act of both, and may be given in evidence against S., in an action against him alone for the penalty.

To recover the penalty given by sec. 1, ch. 41, R. S., for selling liquor without a license, it is not necessary for plaintiff to show defendant assumed to act as tavern keeper or common victualler.

In a suit by a corporation, created under the laws of the state, it need not prove its corporate existence under the general issue, unless defendant has given notice, with his plea, that plaintiff is not a corporation. R. S., ch. 116, sec. 6. It is otherwise at common law.

The charter and by-laws of municipal corporations are subject to general legislation.

In an action for the penalty given by statute for selling liquor without a license, plaintiff need not prove defendant had no license, which will be taken to be true, unless disproved by defendant. Neither will the plaintiff be required to

show the question of license or no license was submitted to the people at the preceding charter or township election, in pursuance of ch. 41, R. S.

Whether the proviso of sec. 18, ch. 41, R. S., is void—*query.* If it be, the other provisions of the chapter are valid and in force; and it is not a sound objection to the validity of the law, that it prohibits the sale of spirituous liquors without a license, and no license can be obtained after a vote of no license.

CASE reserved from Lenawee Circuit Court.

*Morey,* for plaintiff, in error.

*Baker and Millerd,* for defendants, in error.

*By the court,* WING, J. This suit was commenced before a justice of the peace, to recover a penalty alleged to have been incurred by William Smith, under the provisions of chapter 41, R. S. The plaintiffs declared in the form prescribed by sec. 32, claiming one hundred dollars for certain penalties and forfeitures, which Smith had incurred, and was justly liable to pay, by reason that he did, on the 20th day of March, 1849, and at divers times between that day and the 18th day of April, in said year, at the village of Adrian, in the county of Lenawee, do and commit certain acts in violation of the laws of the state, touching the sale of wine and spirituous liquors, &c.

The defendant plead, in the form prescribed by the same section, that he was not indebted to the plaintiffs as above alleged. After hearing the case, the justice rendered judgment against the defendant for the amount claimed, and costs. The cause was appealed to the county court for the county of Lenawee, and again tried, before a jury, and the jury not agreeing, and being discharged, the parties submitted the cause to the decision of the court, upon the pleadings and proofs submitted to the jury, and the county court also rendered judgment against the defendant for the sum claimed, and costs. On the trial, the defendant's counsel took exceptions to the ruling of the judge, and the case was removed to the circuit court by certiorari, and reserved by the circuit judge for the opinion of this court, on the questions of law arising in the case.

There are a number of points made, in which error in the ruling of the county court is alleged:

1. It is alleged the court erred in refusing to compel the plaintiffs to elect for what penalty or penalties they sought to recover,—a motion

being made to that effect by the defendant, after the jury was sworn and the plaintiffs had opened their cause. We think there was no error in the judge refusing the order sought by this motion. It is manifest, from the concluding part of the section prescribing the form of the declaration, that it was intended by the legislature that the plaintiff should have great latitude in making out his case, and that neither plaintiff or defendant should be tied up to any specification. There is nothing in the act indicating an intention that any further specification should be given than was provided for in the form of declaration. Experience had shown that in this class of cases it was extremely difficult to prove a violation of the license law: and for this reason, doubtless, the legis-lature gave the form of declaration, and added, " under such declaration, evidence may be given of any violation of any provision or provisions of this chapter."

2. It is insisted that the court erred in permitting the acts of Smith & Manning, and the acts of Manning alone, to be given in evidence.

It was proved that Smith and Manning were engaged as partners in keeping a recess in the Franklin House, in the village of Adrian. The sale of liquor by both of these persons, or by Manning, was the act of Smith—he participated in the profits—the act of one was the act of the other; and either of them might have been prosecuted under the law. It was, therefore, competent to receive the evidence to which objection was made.

The general principle in relation to crimes, torts and misdemeanors, is, that all persons who participate in the act done are severally liable, if the offence was several or could be committed by one. The defendant in this case could not object that Manning was not joined; if he could, he could only have done so by a plea in abatement. 10 John. Rep. 247; 1 McCord 273; Wharton's Am. Crim. Law 518; 4 Mass. 431. But in such a case as this, where two were interested in the sales and managed the recess, it is probable that but one satisfaction could be had. See 4 Mass. 431; 1 Denio 540.

3. That a recovery could not be had under the first section, as there was no evidence defendant assumed to act as an innholder or common victualler.

We think it was not necessary, to sustain the action under the first section, to prove that the defendant had acted as an innholder, or tav-

ern keeper, or common victualler. The action was sustained under the first section, by proving that the defendant was a seller of wine, brandy, rum or other spirituous liquors, to be used in or about the house.

We think the proof would have sustained an action under either of the first three sections.

4. That there was no proof of the corporate existence of the plaintiffs.

This is not necessary where the plea is in effect a plea of the general issue. By this plea the right of plaintiffs to sue is conceded. At common law it would have been otherwise. The statute provides, that " in suits brought by a corporation created by or under any statute of this state, it shall not be necessary to prove on the trial of the cause the existence of the corporation, unless the defendant shall have pleaded in abatement, or given notice under his plea, that the plaintiffs are not a corporation," &c.   R. S., ch. 116, sec. 6.

In New York they have a similar statute. See the case of The Methodist Episcopal Church *v.* Tryon, 1 Denio 451. If it were necessary to prove the existence of the plaintiffs as a corporation, it is shown by the act of incorporation, and the acts amendatory thereto. Sess. L. 1841, p. 66, secs. 1, 2, 3.

5. That no recovery can be had on the part of the corporation for a penalty, except by virtue of some by-law thereof. And no proof was given of the existence of any by-law in regard to the sale of spirituous liquor.

The provisions of the act incorporating the village of Adrian, and the acts amendatory thereto, and the by-laws, so far as they relate to the power of licensing, are subject to the provisions of chapter 41. The legislature have the right to legislate upon that subject, as well for the village of Adrian as any or all of the towns in this state. This power was not divested by the charter of the village or the laws amendatory thereto. It is a political corporation, and subject to general legislation. This subject is fully discussed and settled in the case of The People *v.* Morris, 13 Wendell 325. The general law does not exempt any village or city from its operation; on the contrary, it is made expressly applicable to them. See sections 18 and 31.

The objection made would seem to embrace the idea that the corporation could not prosecute for any penalty for which provision was not

made by the charter and its amendments, or the by-laws under them; but we see no valid objection to a suit under the general law in the name of the corporation. The prosecution is not for their benefit. It was competent for the legislature to direct in what name suits might be brought in cities and villages, and in what name in towns.

6. That there was no evidence the question of license or no license was submitted to the people at the preceding charter election, without which a recovery could not be had. And the onus of proving defendant-had no license was on the plaintiffs.

It was not incumbent upon the plaintiffs to prove that the question of license or no license had been submitted to the people at their last charter election, or that defendant had no license. Before any person is authorized to sell liquors under twenty-eight gallons, he must have a license: and provision is made for granting licenses by town, city and village authorities, but these authorities are not empowered to grant licenses, " unless a majority of the qualified voters of the city, village or town, as it may be, shall have voted at the next preceding township or charter election therein in favor of the granting of such licenses." The penalty attaches to a sale of liquors without a license. If it was proven that the defendant had sold liquors and it appeared that he had a license, then the question would arise as to the vote of the town or village. But in no case can an individual sell by retail without a license, and we think the burthen of proving the defendant had no license was not thrown upon the plaintiffs. They had only to prove a sale of liquor, and the defendant was bound to protect himself by showing that he had a license. It is true, the complaint involves the charge that defendant has violated the law in selling without a license; but this is a negative averment, and Mr. Greenleaf, in his Treatise on Evidence, vol. 1, sec. 79, states the rule to be, that " when the subject matter of a negative averment lies *peculiarly within the knowledge* of the other party, the averment is taken as true, unless disproved by that party;" and he adds, " such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor: as for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it, without the least inconvenience: whereas, if proof of the negative were required, the inconvenience would be very great." See English and American authorities cited.

He states the same principle in his second volume, sec. 283. But if the charge was a *criminal* neglect of duty, whether official or otherwise, or fraud, &c., the party making the allegation must prove it. 1 Greenl. Ev., sec. 80. The rule stated by Greenleaf and supported by numerous authorities in the English books, is adopted in New York. The case of Potter *v.* Deyo, 19 Wendell 361, is in point. In the case of The Commonwealth *v.* Thurlow, 24 Pickering 374, the court adopted a contrary rule, after arguing the question without citing any authorities. They say they do not intend to decide the general question, upon whom the burden of proof lies in this class of cases. The chief justice says, cases may be affected by special circumstances; and he adds: "In the present case, we think the prosecutor is bound to produce *prima facie* evidence that the defendant was not licensed." We will add, the English rule was adopted in the courts of this state many years since.

7. That the whole of chapter 41 is unconstitutional and void, because it is not complete and positive in itself, but depends upon other bodies than the legislature to give it effect; and that there is no law in force imposing a penalty for selling liquor without a license.

We are unable to perceive how these questions arise, or can be decided on this record, and for the purpose of a decision of this case they can have no bearing. For if it be decided that the proviso to the 18th section is unconstitutional, and therefore void, as well as the provision providing for the disposition of the penalty when collected, still the balance of the law may be valid, and if so, it contains an express prohibition against selling without a license, and a remedy for its violation. It furnishes no sound objection to the validity of the law, that it prohibits a sale of spirits without a license, and that no license could be obtained after a vote of no license, for this would assume that it was a matter of common right to sell in quantities less than twenty-eight gallons.

By the case as presented, it does not appear but that the village may have voted to grant licenses, and the defendant had failed to obtain one. It never has been the law of this state that every man might retail spirituous liquors without a license. The defendant seems to admit that the power to judge as to who were proper persons to receive a license, should be vested by law in some body of men, that this

branch of business may be under proper regulations, with a view to the peace and good order of society. Then, suppose the case of an individual who for good reasons, such as intemperate habits or any other sufficient cause, was refused a license by the proper board; and the further fact that the board had full power to grant a licence in a proper case; could he protect himself under the law? He surely could not. From the record we are unable to say that this may not be the position of the defendant.

But without proceeding further with this argument, we repeat our conviction, that a case is not presented which makes it necessary or proper for us to decide the constitutional question urged by defendant's counsel; for if the proviso in the 18th section is void (as to which we do not decide) we have no doubt the other portions of the law which bear on the defendant in this case are valid and in full force, and he has shown no good reason why he should be exempt from the penalties consequent upon its violation.

We are therefore of opinion that the judgment of the county court should be affirmed.

*Certified accordingly.*