JOSEPHINE L. ROGERS v. SARAH BLACKWELL, GIDEON C. DRAPER AND JUDSON C. LOWELL.

*Multifariousness—Deed from insane person—Bona fide purchaser.*

A bill to set aside a conveyance made by an insane person and to vacate various mortgages given by the grantee is not multifarious in impleading mortgagees who have diverse interests, if the question of sanity is decisive in all cases.

An insane grantor's deed is not merely voidable, but is void, as against third persons, if he never recovers his reason, or conducts himself, when he does, so as to ratify the deed. And after his death his heirs at law can have the deed declared void by a court of equity.

Mortgagees in good faith under the grantee of an insane person cannot be considered *bona fide* purchasers in order to uphold the deed.

Appeal from Jackson. Submitted June 22. Decided October 11.

BILL to set aside deed. Defendants appeal. Affirmed.

*Richmond Livermore* and *Austin Blair* for complainant. An insane grantor's deed is absolutely void : *Van Deusen v. Sweet* 51 N. Y. 378 ; *Curtis v. Brownell* 42 Mich. 165 ; *Davis Sewing Machine Co. v. Barnard* 43 Mich. 379 ; *Hannahs v. Sheldon* 20 Mich. 278.

*Gibson, Parkinson & Ashley* for defendants. Distinct or discordant interests cannot be joined in a bill : *Taylor v. King* 32 Mich. 42 ; *Hunton v. Platt* 11 Mich. 264 ;

*Wales v. Newbould* 9 Mich. 57; *Kerr v. Lansing* 17 Mich. (ann. ed.) 34; *Hart v. McKeen* Walk. Ch. 417; an insane person's deed is voidable, but not void: *Jackson v. King* 25 Am. Dec. 364 n.; 2 Bl. Com. 295; 1 Pars. Cont. 283; 4 Kent's Com. 450; Dart on Vendors 3; *Thompson v. Leech* 3 Salk. 300; *Canfield v. Fairbanks* 63 Barb. 461; *Molton v. Camroux* 4 Exch. 17; a purchaser without notice from the grantee of an insane person is a *bona fide* purchaser; 1 Story's Eq. Jur. §§ 409, 411; 2 id (12th ed.) § 1365; 2 Jones Mortgages § 1510; *Loomis v. Brush* 36 Mich. 41; *Hull v. Swarthout* 29 Mich. 249; *Wallwyn v. Lee* 9 Ves. 24; *Lancaster Bank v. Moore* 78 Penn. St. 407; *Campbell v. Hooper* 3 Sm. & G. 153: 3 Eq. Rep. 723.

MARSTON, J. The bill in this case was filed by complainant as sole heir at law of Randall P. Blackwell, deceased, to set aside a deed of certain real estate purporting to have been executed by Blackwell in December, 1876, to Sarah Blackwell, and to have certain mortgages given by said Sarah upon said premises declared of no effect, for the reason that said Randall P. Blackwell was insane at the time he executed such deed. The case was heard upon pleadings and proofs, and the relief prayed for granted.

We have no doubt whatever of the insanity of Randall P. Blackwell, at the time the deed purports to have been executed. The evidence is clear and decisive. It therefore but remains to notice some of the other matters relied upon by the mortgagee defendants.

It is claimed that the bill is multifarious, as the mortgages represent different transactions, are held by different persons, admit of different defenses, and may require different decrees.

In this case the only question of importance relates to the sanity of Blackwell as grantor, and the right of each and every of the defendants depends upon the settlement of that question. Each is interested in showing him to have been sane, so that the same defense is common to all. While the defendants claim separate and distinct rights in the property,

yet all are alike affected under a single claim made by the complainant.

It is next claimed that the ·deed from Blackwell to his wife was not void but voidable; that such conveyances are on the same footing as those of infants. It is undoubtedly true that had Blackwell recovered his reason he might have so conducted himself as to have given force and effect to the deed as a valid conveyance. And so he clearly could have taken the requisite steps to have had it declared a nullity. There was no act of his at any time ratifying this conveyance, and after his death the complainant, as sole heir at law, had the right to come into court and have the conveyance declared void, as he could do were he living. .

It is farther claimed that the defendant mortgagees stand in the relation of *bona fide* purchasers and should therefore be protected. But to protect them would be to give force and effect, to that extent, to the deed of conveyance; to treat it as a valid subsisting instrument; to not consider it as voidable but as valid. If the acts of an insane person can thus be made valid and binding, an easy method is thereby found for disposing of his property. We are of opinion that the complainant is entitled to the relief prayed for. *Hannahs v. Sheldon* 20 Mich. 278; *Curtis v. Brownell* 42 Mich. 165.

The decree will be affirmed with costs.

The other Justices concurred.