ELIAS v. THE ENTERPRISE BUILDING AND LOAN ASSOCIATION.

1. AGENT—INSANITY.—If an agent act by authority of a power of attorney executed by his principal while insane, of which insanity the agent has notice, all acts by him thereunder are null and void as against his principal.

2. CASE CONSTRUED.—This case distinguished from Cathcart v. Sugenheimer, 18 S. C., 123.

3. ASSIGNMENT—INSANITY—QUESTION FOR JURY.—In an action upon a note assigned by authority of a power of attorney, charged to be executed by the payee of the note while insane, the jury should be allowed to pass upon the validity of the claims, for the extinguishment of which the proceeds were used.

Before WITHERSPOON, J., Camden, September term, 1895. Reversed.

Action by Edward D. Elias, by M. Kalisky, his guardian

*ad litem*, against the Enterprise Building and Loan Association, on a note. Commenced May 21, 1894. The association paid the money into court, and by order, David Wolf, guardian for Julia Herman, payee of note, was substituted as defendant. Judgment for plaintiff. Defendant appeals on the following exceptions:

1. That his honor failed to charge the jury, as requested in defendant's second request to charge: "If the jury believe that said Julia Herman was insane at the time that the power of.attorney was executed, same was void, whether plaintiff had notice of such insanity or not."

2. That his honor erred in charging the jury that Julia Herman was bound by the acts of Abe Herman, even though said Julia Herman was insane when the power of attorney was executed, and when, as alleged, the note was transferred, unless the plaintiff had notice of such insanity.

3. That his honor erred in failing to charge the jury, as requested in defendant's fourth request to charge, and in charging the jury instead, that, even though Julia Herman was insane when the alleged power of attorney was executed, the money alleged to have been paid by plaintiff to Abe Herman was paid and expended in the business of Julia Herman, and was used for her benefit, unless the plaintiff had notice of the insanity of Julia Herman.

4. That his honor erred in failing to charge the jury defendant's fifth request to charge: "If the defendant proves that Julia Herman was insane at a time prior to the execution of the power of attorney, the burden of proof then devolves on the plaintiff to show that she was sane when the power of attorney was executed."

5. That his honor erred in calling to the attention of the jury the date of the inquisition of lunacy (August 21, 1893), and not referring to any of the other evidence of insanity.

6. That his honor erred in not stating to the jury the law of insanity, and explaining to them such law as bearing upon the evidence introduced by the defendant.

7. That his honor erred in charging the jury in practically withdrawing from the jury the question as to the insanity of Julia Herman, and in confining their attention to the question of notice of such insanity by the plaintiff.

8. That his honor erred in stating to the jury very fully the case of the plaintiff, while, it is respectfully submitted that, he failed to state to the jury the case of the defendant and to explain to the jury the nature of the defence, the law bearing thereon, and the relevancy of the evidence offered.

*Messrs. J. T. Hay* and *W. M. Shannon*, for appellant.

*Messrs. Lee & Moise*, contra.

March 14, 1896. The opinion of the court was delivered by

MR. JUSTICE GARY.    Abe Herman and Julia Wolfe were married on the 21st of June, 1893, and immediately went to Asheville, N. C.    Two days after the marriage, a physician was called to visit Mrs. Herman, and found her suffering with acute *mania*.    Abe Herman returned to Sumter with his wife about the 1st of July, 1893.

Mrs. Herman executed a power of attorney on the 6th of July, 1893, appointing Abe Herman her attorney, with full power to transfer her notes by endorsement, and to conduct a mercantile business for her.    Thereafter, upon affidavit of Marion Moise, Esq., proceedings were instituted, which resulted in having Mrs. Herman, on 21st of August, 1893, adjudged insane and sent to the lunatic asylum, where she still remains.

Among the effects of Mrs. Herman was the note in suit in this action, dated 1st July, 1892, for $250, and due 6th November, 1893.    On the 12th of August, 1893, Abe Herman transferred this note to the plaintiff, by writing the name of Julia Herman on the back of it.    About this time Abe Herman disappeared from the State, and the family have not heard from him since.    This action was originally commenced against the Enterprise Building and Loan Asso-

ciation, but, by order of the court, David Wolfe, guardian of Julia Herman, was substituted as defendant in the place of said association.   The association has paid the money into court, and no longer has any interest in the termination of the action.   David Wolfe, as guardian, answered the complaint, setting up the defence of fraud, and that Mrs. Herman was of unsound mind at the time the power of attorney was executed.   The case was tried before his honor, Judge Witherspoon, and a jury, and David Wolfe has appealed to this court from the judgment rendered in favor of the plaintiff, upon exceptions which will be set out in the report of the case.

Abe Herman owed the plaintiff $30 when he transferred the note to him; this amount was deducted, and Abe Herman only received $220 in money from the plaintiff.   The testimony is conflicting as to what amount, if any, of the $220 was expended by Abe Herman for the benefit of the mercantile business.   Dr. Burroughs, the physician who was called to visit her at Asheville, told her husband that, in his opinion, she was insane; and advised her husband to have her placed in an asylum for the insane, as the only hope of her recovery.   Dr. Burroughs also testified that he did not think Mrs. Herman could have possibly become sane enough to make a binding contract by the 6th of July ensuing, or even by the 1st of August, the time when he was informed she was sent to the asylum.   Testimony was introduced to show that David Wolfe, guardian, under the advice of Marion Moise, Esq., as his attorney, returned the goods to the parties from whom Abe Herman had bought them, as far as possible, and endeavored to repudiate the acts of Abe Herman relative to the mercantile business. Among other things, the presiding judge charged the jury as follows: "What position does Elias, the plaintiff, occupy in this court, if you conclude that this woman was insane at the time she executed this power of attorney?   If he had no knowledge of it, and paid his money for the note, and this woman, or her business in Sumter, derived direct or

immediate benefit from it, I charge you that, according to my conception of the law, he can recover. If the plaintiff had any knowlege of her incapacity at the time to sign this power of attorney, then he cannot recover in this action. But if you conclude that he had no knowledge of her incapacity, although you may conclude that she was incapable at the time of contracting, if he paid the value of that note to Herman, and Herman applied that money for the benefit of Julia, to the liquidation of her debts, to the relief of the store business, then I charge you that he is entitled to recover; but it is incumbent upon you to be satisfied upon that point, by the preponderance of the evidence— that is, that the money was paid honestly, *bona fide*, without any knowledge of any want of mental capacity of this woman, and not only that the money was paid, but that it was expended by Abe Herman for the benefit of Julia Herman's business transactions under that power of attorney."

The presiding judge assumed as a fact, that Mrs. Herman was the principal in the mercantile business, which was conducted under the name and style of Abe Herman, Agent, by virtue of said power of attorney; whereas, the validity of Abe Herman's mercantile transactions, under the power of attorney as well as of the transfer of said note by endorsement, depended upon the legality of the power of attorney. If Mrs. Herman was insane at the time she executed the power of attorney, and Abe Herman had knowledge of this fact, then the mercantile transactions and the debts contracted by Abe Herman under the power of attorney were null and void as against Mrs. Herman. This case would not fall within the principle laid down in the case of *Cathcart* v. *Sugenheimer*, 18 S. C., 123, unless the jury should find that Mrs. Herman was insane when she executed the power of attorney, and that the $220 was expended by Abe Herman in extinguishing claims against Mrs. Herman, which they should find to be *valid*. The jury should have been allowed to pass upon the validity of the claims to-

ward the extinguishment of which, it was alleged, Abe Herman had expended the $220. These views practically disposed of all the exceptions.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the case remanded to that court for a new trial.