LYNDER v. SCHULKIN.

1. APPEAL AND ERROR—CHANCERY CASE—DE NOVO REVIEW—FINDINGS OF FACT—EVIDENCE.

The Supreme Court on its *de novo* review of a chancery case does not reverse the findings of fact of a trial court when convinced that there is competent evidence to sustain such findings.

2. INSANE PERSONS—CONTRACTS.

Generally contracts or conveyances of mentally incompetent persons, made prior to an adjudication of mental incompetency, are voidable.

3. SAME—ENFORCEMENT OR REPUDIATION OF CONTRACT IN EQUITY.

Contracts of mentally incompetent persons may be enforced or repudiated in a court of equity upon equitable grounds.

4. SAME—MENTAL INCOMPETENCY AS GROUND FOR SETTING ASIDE TRANSACTION.

Courts will set aside a transaction where a grantor is mentally incompetent to make a contract and has suffered financially in consequence.

5. SPECIFIC PERFORMANCE—LAND CONTRACT—MENTAL COMPETENCY—
BURDEN OF PROOF.

   In suit for specific performance of an agreement to convey land,
   the burden of proof is upon defendants to show that one of
   them was an incompetent person at the time of entering into
   the contract.

6. INSANE PERSONS—CONTRACTS—EQUITY—BURDEN OF PROOF.

   Where it is shown that a defendant was mentally incompetent
   to enter into a contract to convey land at time of doing so,
   the plaintiff must then show a right in himself to equitable
   relief sought thereunder.

7. SPECIFIC PERFORMANCE—LAND CONTRACTS—MENTAL COMPETENCY
—EVIDENCE.

   In purchaser's suit against vendor husband and wife for specific
   performance of a land contract wherein it was shown that
   defendant wife was mentally incompetent to enter into such
   contract at time of doing so, record *held*, insufficient to show
   plaintiff entitled to equitable relief other than reimbursement
   for deposit made and expenses incurred, notwithstanding de-
   fendant husband's willingness to perform the agreement.

Appeal from Wayne; Murphy (George B.), J.
Submitted January 8, 1943. (Docket No. 82, Calen-
dar No. 42,257.) Decided May 18, 1943.

Bill by Max J. Lynder against Abraham and Ida
Schulkin for specific performance of an agreement
to sell land. Cross bill by Abraham Schulkin against
plaintiff to have contract set aside and defendant
Ida Schulkin declared mentally incompetent. An-
swer for Ida Schulkin by her guardian *ad litem*.
Bill dismissed. Plaintiff appeals. Affirmed.

*Mortimer J. Liss* (*Leslie D. Bloom*, of counsel),
for plaintiff.

*Casper C. Cutler*, for defendants.

SHARPE, J. This is a suit in chancery for the spe-
cific performance of a land contract. On October 30,
1940, defendants entered into a written agreement

to sell plaintiff two parcels of real estate for the sum
of $4,400 on the following terms: the sum of $100
upon the execution of the agreement to sell and the
balance within five days after the abstract had been
delivered and approved. Upon refusal of defendant
Mrs. Ida Schulkin to carry out the terms of the con-
tract, plaintiff instituted the present suit on Novem-
ber 23, 1940.

Defendant Abraham Schulkin filed an answer and
cross bill to the bill of complaint in which he ac-
knowledged his willingness to perform the terms of
the written agreement, but alleged that at the time
of its execution Ida Schulkin was a mentally incom-
petent person and still is incompetent to convey her
rights. On May 29, 1941, the probate court, upon pe-
tition of Abraham Schulkin, declared Ida Schulkin a
mentally incompetent person and appointed Abra-
ham Schulkin her guardian. On June 10, 1941, the
guardian filed an answer to plaintiff's bill of com-
plaint and alleged that on October 30, 1940, Ida
Schulkin was a mentally incompetent person and
asked that the bill of complaint be dismissed.

The cause came on for trial and the trial court
found "that at the time of the execution of said land
contract, namely, October 30, 1940, defendant Ida
Schulkin was mentally incompetent to know and un-
derstand the significance of the contract that she is
alleged to have entered into;" and entered an order
dismissing plaintiff's bill of complaint. The decree
filed in this cause also provided for the return of
the $100 paid by plaintiff together with the payment
of the amount expended by him for bringing the ab-
stract to date.

Plaintiff appeals and contends that, assuming Ida
Schulkin to have been mentally incompetent when
the contract was entered into, the court should have
granted specific performance of the contract because
defendant Abraham Schulkin was willing to fulfill

his agreement and a fair price was being paid for the property.

This is a chancery case. At the time it was instituted there were no proceedings in the probate court to have Ida Schulkin adjudged a mentally incompetent person, but such proceedings were instituted prior to the trial of this case. Of first importance is the determination of the mental status of Ida Schulkin at the time the agreement to sell was entered into. The probate court found Ida Schulkin a mentally incompetent person subsequent to the execution of the agreement to sell; and the trial court found her a mentally incompetent person upon the date that the agreement was entered into. We are concerned only with the finding of fact by the trial court, and while we hear chancery cases *de novo,* we are convinced that there is competent evidence to sustain the trial court's finding of fact upon this issue. Under such circumstances we do not reverse the findings of the trial court; and for the purposes of the issues involved herein, we shall consider Ida Schulkin an incompetent person at the time the agreement to sell was entered into. Neither of the defendants has appealed from the decree, nor is there any claim of fraud or duress.

The general rule is that contracts or conveyances of mentally incompetent persons made prior to an adjudication of mental incompetency are voidable. In *Wolcott* v. *Connecticut General Life-Insurance Co.,* 137 Mich. 309, we held that a conveyance by an insane person not under guardianship is not absolutely void, but merely voidable. See, also, *Moran* v. *Moran,* 106 Mich. 8 (58 Am. St. Rep. 462) ; *Dodds* v. *Purdy,* 277 Mich. 593.

Such contracts may be enforced or repudiated in a court of equity upon equitable grounds. See *Gates* v. *Cornett,* 72 Mich. 420. Where a grantor is incompetent to make a contract and has suffered

financially in consequence, courts will set the transaction aside. See *Reason* v. *Jones,* 119 Mich. 672.

In the case at bar the burden of proof is upon defendants to show that Ida Schulkin was an incompetent person at the time she entered into the contract and having made such a showing it then becomes the duty of plaintiff to satisfy the trial court that he (plaintiff) is entitled to equitable relief. It is apparent that the trial court concluded that plaintiff was not entitled to specific performance of the land contract. The record satisfies us that plaintiff failed to make such a showing as would entitle him to relief other than that which was granted. The decree is affirmed, with costs to defendants.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.