## BROWN *v.* KHOURY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—BONA FIDE PUR-
CHASER FOR VALUE.
>   Whether or not defendant enjoys the benefit of a presumption
>   that bona fide purchaser for value of premises in question
>   without notice of any infirmity of title is not determined,
>   where trial court found him to have been such a purchaser
>   but record fails to disclose the basis for such finding and it
>   is not questioned nor brought in issue by plaintiffs' statement
>   of reasons and grounds for appeal nor by the statements of
>   questions involved and of facts or argument in their brief, the
>   correctness of such finding not being before the Supreme
>   Court (Court Rules No 65, §§ 1, 3; No 66, § 3; No 67, § 1
>   [1945]).

2. VENDOR AND PURCHASER—MENTAL COMPETENCY—BONA FIDE PUR-
CHASER FOR VALUE.
>   A husband's creation of an estate by the entireties in his wife 4
>   days before his death, while he was mentally incompetent but
>   not so adjudicated was merely a voidable conveyance which
>   may not be set aside as to defendant, a bona fide purchaser
>   for value from the surviving wife without notice of any in-
>   firmity of title.

SMITH and BLACK, JJ., dissenting.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 13, 1956. (Docket No. 79, Calendar No. 46,715.) Decided June 4, 1956.

Bill by Otis Brown, individually and as special administrator of the estate of Walter C. Brown, with

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 640.
[2] 55 Am Jur, Vendor and Purchaser § 685 *et seq.*

other heirs and interests joining, against Bader Khoury to set aside deed. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Robert D. Anspach* and *A. Lewis Fineberg,* for plaintiffs.

*Leopold J. Snyder* (*Meyer Weisenfeld,* of counsel), for defendant.

Dethmers, C. J. Plaintiffs appeal from an order to dismiss entered on defendant's motion before trial. The trial court found and his decision was predicated upon the finding that defendant was a bona fide purchaser for value of the premises in question without notice of any infirmity of title. The record filed in this Court, unfortunately, does not disclose the basis for that finding, but its correctness is not questioned nor brought in issue by plaintiffs' statement of reasons and grounds for appeal nor by the statements of questions involved and of facts, or argument contained in their brief. It follows that there is no question as to the correctness of that finding before us (Michigan Court Rules No 65, §§ 1, 3; No 66, § 3; No 67, § 1 [1945]) and, hence, that we need not determine whether, within the meaning of *Culbertson* v. *Witbeck Co.,* 92 Mich 469, defendant enjoys the benefit of a presumption, absent allegations in the pleadings or proofs either way, that he was such bona fide purchaser. We proceed, therefore, to determination of the question presented on the merits.

Plaintiffs' decedent was the owner of real estate. Four days before death, while mentally incompetent but not so adjudicated, he joined his wife in a conveyance thereof to a third party who reconveyed to them as tenants by the entireties. After his death the 2 deeds were recorded. The wife, as survivor and holder of record title, then conveyed to defend-

ant, a bona fide purchaser for value without notice of infirmity of title. Contending that the conveyance by their decedent was void *ab initio* by reason of his mental incompetence, plaintiffs brought this suit to have it set aside. Query: Is it valid as to defendant?

Plaintiffs rely on *Rogers* v. *Blackwell,* 49 Mich 192. There, this Court affirmed a decree setting aside a deed given by an insane person and certain mortgages given by the grantee to mortgagees who took in good faith for value. The reasoning in that case is fairly expressed in the syllabus, as follows:

"An insane grantor's deed is not merely voidable, but is void, as against third persons, if he never recovers his reason, or conducts himself, when he does, so as to ratify the deed. And after his death his heirs-at-law can have the deed declared void by a court of equity."

Since then the views of this Court have developed and crystallized, to find apt expression in *Lynder* v. *Schulkin,* 305 Mich 451, 454, as follows:

"The general rule is that contracts or conveyances of mentally-incompetent persons made prior to an adjudication of mental incompetency are voidable. In *Wolcott* v. *Connecticut General Life Insurance Co.,* 137 Mich 309, we held that a conveyance by an insane person not under guardianship is not absolutely void, but merely voidable. See, also, *Moran* v. *Moran,* 106 Mich 8 (58 Am St Rep 462); *Dodds* v. *Purdy,* 277 Mich 593."

This Court went on to say in that case (p 454):

"Such contracts may be enforced or repudiated in a court of equity upon equitable grounds. See *Gates* v. *Cornett,* 72 Mich 420."

In the mentioned *Gates Case* this Court held that, even though the mortgages given by the mentally-

incompetent person were held by one who had taken them directly from him with knowledge of the mental incompetence of which he had taken advantage, nonetheless, upon equitable grounds, the mortgage for which the incompetent had received value was valid and enforceable and only those which were fraudulently obtained by overreaching and not for value should be cancelled. In holding in that case that the conveyances of a mentally-incompetent person are "not absolutely void" this Court said:

"To so hold would be to unsettle titles, and overthrow a long series of business transactions in which complainant was engaged during 8 years, without securing any benefit to Gates, and to the detriment of a great many persons who dealt with him in the utmost good faith, and without cheating him." *Gates* v. *Cornett,* 72 Mich 420, 435.

Under the holdings in *Gates* and in *Lynder* and the cases therein cited, it is clear that the view in *Rogers* has been modified, that such conveyances are not absolutely void but voidable, and that a court of equity will in some instances enforce and in others cancel them, as the equities of the case may require.

Passing the question of whether a husband's creation of an estate by the entireties in his wife works a fraud on his heirs-at-law, application of the equitable principles recognized in *Gates* and *Lynder* and the cases therein cited requires a holding that, under the facts and circumstances of this case, the conveyance is valid as to the defendant, an innocent third party, bona fide purchaser for value without notice.

Affirmed, with costs to defendant.

SHARPE, BOYLES, KELLY, and CARR, JJ., concurred with DETHMERS, C. J.

BLACK, J. (*dissenting*). The text as well as the target of this dissent will be selected from the follow-

ing portions of the opinion my Brother has proposed for signature. They read:

"Plaintiffs appeal from an order to dismiss entered on defendant's motion before trial. The trial court found and his decision was predicated upon the finding that defendant was a bona fide purchaser for value of the premises in question without notice of any infirmity of title. * * * We proceed, therefore, to determination of the question presented on the merits. * * *

"Under the holdings in *Gates* (72 Mich 420) and in *Lynder* (305 Mich 451) and the cases therein cited, it is clear that the view in *Rogers* (49 Mich 192) has been modified, that such conveyances are not absolutely void but voidable, and that a court of equity will in some instances enforce and in others cancel them, as the equities of the case may require.

"Passing the question of whether a husband's creation of an estate by the entireties in his wife works a fraud on his heirs-at-law, application of the equitable principles recognized in *Gates* and *Lynder* and the cases therein cited requires a holding that, under the facts and circumstances of this case, the conveyance is valid as to the defendant, an innocent third party, bona fide purchaser for value without notice."

This case comes here on granted motion to dismiss. No testimony was taken. It can hardly be said that the equities of the case are fully before us for appraisal. The quoted opinion proceeds, nay depends, on finding as a matter of law that the defendant is "a bona fide purchaser for value without notice of infirmity of title".* Since I am unable to find evidence either of the fact or·conclusion in the presently attacked bill of complaint—indeed it appears nowhere

---

* When on face of the record lying before a title examiner there appears the combination of signature by mark of the original title-holder and occurrence of his death 4 days later—such is the fact situation disclosed on face of this bill—I at least refuse, absent more facts, to affirm as a matter of law that the examiner is not placed on inquiry.

in the record or in the briefs—the opinion from which I have quoted calls for special scrutiny.

It is proposed that we should "proceed to determination of the question presented on the merits." We have no right to do so. The "question presented on the merits" does not exist because the fact on which it is premised is absent. The chancellor below, and my Brother in turn, have proceeded on erroneous assumption that it was the duty of plaintiffs to allege and prove a negative averment—that defendant did not purchase for value and without notice of the pleaded title infirmity.

The chancellor said:

"There is no claim that Brown (the agreed original title holder) had ever been adjudicated insane or mentally incompetent, or that the present defendant was not a bona fide purchaser for consideration and without notice of any infirmity in the title."

(It is emphasized, parenthetically, that the chancellor does not record a concession, judicial or otherwise, by plaintiffs of defendant's bona fide status as claimed. He does say there is no claim to the contrary. That does not supply either the fact or the conclusion because the question of bona fide purchase by defendant isn't as yet in the case on face of the pleadings.)

It was defendant's duty to plead and prove that he occupies the position of bona fide purchaser. Until he does so plaintiffs are under no obligation to speak up, by pleading or otherwise, with anticipatory regard for such claim. We have consistently held in a long line of cases starting with *Shotwell* v. *Harrison,* 22 Mich 410 (for collection thereof see *Stephenson* v. *Golden,* 279 Mich 710, at page 769) that one who acquires title from a fraudulent grantor (Mrs. Brown was such a grantor on the face of plaintiffs' presently-accepted-as-true bill of complaint) has the

burden of proving that he paid value and took without notice of the fraud.

Aside from, but in full complement of, the rule just quoted is a separate one of time-tried value. Generally, the burden of proof respecting a negative averment lies with the party in exclusive control of evidence pertaining to such averment. If it were the rule, in this State, that the plaintiff in present situation is obligated to plead and prove in negation of the defendant's *bona fides,* the averment once it is pleaded would ordinarily be accepted as true unless and until the defendant comes forth with the contrary proof that is presumptively controlled by him. The plaintiff in a case of this nature usually has no way of knowing whether the defendant is or is not a bona fide purchaser for value. Since the defendant presumptively knows and holds the facts that are determinative of the status, he bears the pertinent burden.

The leading case to the point is *United States* v. *Denver & Rio Grande R. Co.,* 191 US 84 (24 S Ct 33; 48 L ed 106), from which the following is taken:

"It is a general rule of evidence, noticed by the elementary writers upon that subject (1 Greenleaf, Evidence [16th ed], § 79) that 'where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party.' When a negative is averred in pleading, or plaintiff's case depends upon the establishment of a negative, and the means of proving the fact are equally within the control of each party, then the burden of proof is upon the party averring the negative; but when the opposite party must, from the nature of the case, himself be in possession of full and plenary proof to disprove the negative averment, and the other party is not in possession of such proof, then it is manifestly just and reasonable that the party which is in possession of the proof should be required to adduce it; or,

upon his failure to do so, we must presume it does not exist, which of itself establishes a negative."

The rule just quoted from Greenleaf was adopted in Michigan as early as 1850 in the case of *Smith* v. *Village of Adrian,* 1 Mich 495. It was followed in *People* v. *Swineford* (a civil case), 77 Mich 573, and it will be found in 20 Am Jur, Evidence, § 139, p 145; 31 CJS, Evidence, § 113, pp 721, 722, and 2 Jones, Evidence (The Blue Book of Evidence), § 181(179), p 26.

Since the presently opposed opinion totally ignores plaintiffs' relevant position, I think it should be recorded here. It is quoted from page 16 of their brief as follows:

"It is the claim of the defendant and appellee that he paid a sum of money upon a mortgage which had been placed upon the property by the mental incompetent before his death. If this case is submitted to the chancellor upon trial, it will be within the province of the chancellor to set aside the conveyance upon such reasonable terms and conditions as to him may seem just and proper, including the repayment of the mortgage executed by the mental incompetent during his lifetime, if it should be shown that the defendant herein is truly a bona fide holder."

I am not ready to water the stock of *Rogers* v. *Blackwell,* 49 Mich 192, at least until a most compelling set of equities assembled on full testimonial trial arrives here with irresistible appeal therefor. The *Rogers Case* comes to us over the signatures of our great judicial ancestors, Justices COOLEY, CAMPBELL, MARSTON and GRAVES, and it is gently suggested that their opinion discloses eminently better reasoning than that proffered here for signature. I note, too, in passing, that each of the cases cited by my Brother in support of proposed "modification" of *Rogers* came to this Court like *Rogers* did on com-

plete testimonial record with due opportunity for searching evaluation of the equities thereof. To make it perfectly plain, I would not even consider on review of motion to dismiss, distinguished from full hearing, the idea that an opinion like *Rogers* should be diluted.

The decree below should of right be reversed with the same admonitions as were successively given in *Lamb* v. *Jeffrey,* 41 Mich 719, 721 (another opinion of the so-called COOLEY Court) as follows:

"The judge erred in this dismissal. Complainant was entitled to put in his proofs, and have the case come up on the facts. *Hewlett* v. *Shaw,* 9 Mich 346. And in any case where a demurrer to the bill is sustained, the case ought not to be dismissed unless the defects are such as cannot be cured by amendment, or unless the complainant declines to amend; neither of which appears in this case.";

and in *Culy* v. *Upham,* 135 Mich 131 (106 Am St Rep 388), as follows:

"When the case came on for hearing, the trial court was of the opinion that the recitals in the deed itself, together with the statements in the answer, proved that the title did not vest in the grantee during the grantor's life, and thereupon, without hearing any testimony, entered a decree for complainants. (p 132)  *  *  *

"We do not wish, by our silence, to seem to approve the procedure adopted in this case. If we had disagreed with the trial judge on the legal proposition discussed in this opinion, we could not have made a final disposition of the case. We should have been forced to remand the record for another hearing in the court below. As a general rule, suits at chancery should be so tried in the lower court that, when they

are appealed, this Court may finally dispose of the issue raised by the pleadings." (p 135)

SMITH, J., concurred with BLACK, J.

The late Justice REID took no part in the decision of this case.