21195. TATE v. POTTER *et al.*

SUBMITTED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*James Barrow, Denny C. Galis,* for plaintiff in error.

*L. D. Skaggs,* contra.

GRICE, Justice. D. J. Tate brought suit against Mrs. Lottie Potter and N. G. Slaughter in the Superior Court of Clarke County, Georgia, for cancellation and other relief against two deeds, a warranty deed and a security deed. In count 1 he alleged that the warranty deed purportedly executed on March 1, 1958, by him to the defendant Mrs. Potter was a forgery. In count 2 he charged that the same deed was void because of his lack of mental capacity. No allegation was made as to any adjudication of such insanity. In each of the counts Tate also sought to cancel the security deed executed by Mrs. Potter to the defendant Slaughter on August 10, 1960. The petition·made no allegation that Slaughter had notice of such forgery or lack of mental capacity.

The trial court sustained general demurrers of the defendant Slaughter to both counts and dismissed the petition as to him. Tate assigned such ruling as error in his bill of exceptions filed here.

Presented are two questions: Does count 1 set forth a cause of action against the holder of such security deed on the basis of a forged deed? Does count 2 set forth a cause of action against him on the basis of lack of mental capacity?

1. (a) The first inquiry is whether forgery is sufficiently alleged in count 1. Paragraph 11 of that count, as shown from the trial clerk's corrected certificate, charges that "the aforesaid deed from plaintiff to defendant Mrs. Lottie Potter, attached in Exhibit A, is to the best of plaintiff's knowledge and belief a forgery." It is contended, upon authority of such cases as *Bailey v. B. F. Coggins Granite &c. Industries,* 192 Ga. 72 (14 S. E. 2d 568), that this allegation "puts in issue only the pleader's information and belief and not the truth or falsity of the facts thus referred to." What is pleaded here is not, in our view, subject to that criticism. The case of *Reeves v. Jackson,* 158 Ga. 676 (124 S. E. 135), contains an allegation similar to this one. The original record in that case shows that Mrs. Reeves alleged that she "did not to the best of her knowledge and belief, sign and

execute the said deed, and the said deed . . . is, to the best of petitioner's knowledge and belief a forgery." That was held sufficient. The allegations in the *Reeves* case and in this one are positive averments of facts based upon information and belief, presumptively not within the knowledge of the plaintiff. See also *Gay v. Radford*, 207 Ga. 38 (2) (59 S. E. 2d 915).

(b) Count 1 having sufficiently pleaded forgery and Slaughter's general demurrer having in effect admitted that forgery had taken place, the further question arising from count 1 is whether Slaughter, as a bona fide purchaser without notice from the grantee of the forged deed, acquired title to the property recited therein. The answer is clear. The trial judge gave it in his charge to the jury in *Sapp v. Cline*, 131 Ga. 433 (6) (62 S. E. 529), where the issue of forgery was involved: " . . . it [a forged deed] would not operate to convey a good title to the grantee therein or persons holding under him; nor would the good faith of a subsequent holder suffice to make such conveyance a good transfer of title." See also *Cole v. Levi*, 44 Ga. 579; 16 Am. Jur. 452, Deeds § 27.

Therefore, count 1 alleges a cause of action.

2. (a) The next inquiry is whether, as against general demurrer, count 2 alleges a cause of action based upon the mental incapacity of the plaintiff at the time the purported warranty deed from him to Mrs. Potter was executed. Paragraph 11 of count 2 alleges that, "Due to his mental condition at the time of the execution of the above referred to deed . . . plaintiff did not have mind and reason sufficient to understand the nature and consequences of his acts and has no recollection whatever of the transaction." The sufficiency of this allegation is illustrated by the holding of this court in *Ison v. Geiger*, 179 Ga. 798 (1) (177 S. E. 596): "The degree of mentality necessary for a party to execute a valid contract is that he or she must be possessed of mind and reason equal to a clear and full understanding of the nature and consequence of his or her act in making the contract." Under these circumstances the lack of adjudication of insanity of the plaintiff makes no difference.

(b) Count 2 having sufficiently alleged mental incapacity, and defendant Slaughter having generally demurred thereto, we

come to the question whether he, a bona fide purchaser for value without notice of plaintiff's alleged incapacity, acquired title to the property covered by the deed. That is answered by this court in such cases as *Warren v. Federal Land Bank of Columbia,* 157 Ga. 464 (3) (122 S. E. 40, 33 A. L. R. 45), where, as in the instant situation, a warranty deed grantee executed a security deed to a bona fide purchaser for valuable consideration and without notice of the warranty deed grantor's insanity. There, the opinion stated: "The contract of an insane person who has never been adjudged insane by any tribunal of competent jurisdiction is voidable after his death, at the instance of his heirs at law, if there be no legal representative of said insane person. (a) The deed of an insane person, though made without fraud and for an adequate consideration, may be avoided by his heirs, not only as against his immediate grantee but also as against *bona fide purchasers* for value and without notice of such insanity. 'The fairness of the defendant's conduct cannot supply the plaintiff's want of capacity.' And 'A person whose mind is so unsound as not to have capacity to contract is incapable of making a binding conveyance.'" (Emphasis supplied.) For other holdings to the same effect, see *Morris v. Mobley,* 171 Ga. 224 (5) (155 S. E. 8); *Chestnut v. Weekes,* 183 Ga. 367 (188 S. E. 714); and *Sewell v. Anderson,* 197 Ga. 623 (8) (30 S. E. 2d 102).

In the situation recited above, it is not necessary for the original grantor to return to such third person the consideration paid to the grantee. This is apparent from the ruling in *Chestnut v. Weekes,* supra (headnote 4 and corresponding division of the opinion, facts stated on page 370), where Chestnut contended that he should be restored to his status at the time of the execution of the deed from the insane grantor. The cases relied upon by the defendant Slaughter as requiring restoration of status are those involving *immediate* grantees from insane persons, not third persons as here, and are thus distinguishable. Slaughter's is a transaction once removed from the plaintiff here, and accordingly he cannot correctly claim a relationship entitling him to restoration.

Therefore, count 2 also states a cause of action.

3. In view of the above rulings, it was error to sustain the gen-

cral demurrers and to dismiss the petition as against the defendant Slaughter.

*Judgment reversed. All the Justices concur.*