0764

Ella Mae SHEPARD, Appellant v. FIRST AMERICAN MORTGAGE COMPANY and Leroy Shepard, Defendants, of whom First American Mortgage Company is Respondent.

(347 S. E. (2d) 118)

Court of Appeals

*Brenda Reddix-Smalls*, of *Carolina Regional Legal Services*, Florence, *for appellant.*

*David W. Keller, Jr.*, and *W. Kenneth Eaton, Jr.*, both of *McGowan, Keller, Eaton, Brodie and Elmore*, Florence, *for respondent.*

Heard May 20, 1984.

Decided Aug. 4, 1986.

BELL, Judge:

This is an action to set aside a deed and subsequent mortgage on the ground that the grantor was not mentally competent. The circuit court found that the grantor, Ella Mae Shepard, was not competent when she executed the deed to her son, Leroy. However, the court entered judgment for First American Mortgage Company, the mortgagee of Leroy, on the ground that it took the mortgage in good faith, for value, and without notice of Mrs. Shepard's lack of capacity. Mrs. Shepard appeals. We reverse.

Mrs. Shepard and Leroy inherited property located at 202 North Powers Street in Florence from Mrs. Shepard's husband, who died intestate on December 20, 1968. Leroy subsequently conveyed his interest in the Powers Street property to Mrs. Shepard. On May 24, 1983, Mrs. Shepard by a voluntary deed conveyed the property back to Leroy. Leroy had petitioned the probate court to have Mrs. Shepard declared non compos mentis in August 1982. No judgment had been entered on the petition at the time Mrs. Shepard deeded the property to Leroy. Thereafter, Leroy mortgaged the property to First American to secure a loan for himself.

An advisory jury found that Mrs. Shepard was not mentally competent to execute the deed on May 24, 1983, but that First American was a subsequent good faith mortgagee for value without notice of her incompetence. The circuit court sustained the jury's findings on both points, set aside the deed, and upheld the validity of the mortgage.

The ancient rule of the common law was that a grantee shall not be allowed to defend himself by alleging that he was non compos mentis when he did a solemn act by which he would otherwise be legally bound. As it pertained to deeds of conveyance, the rule rested on the old law relating to estoppel by writing. See 2 Co. Litt. ss. 406, 667 (Garland reprint 1628 ed.); *Beverley's Case* (1601) 4 Co. Rep. 123b. The courts of South Carolina long ago repudiated this rule as "a relic of barbarism" which is "utterly indefensible." *Ring v. Huntington*, 8 S. C. L. (1 Mill) 162, 164 (1817). It is now settled doctrine in this State that the courts of equity take special charge of persons non compos mentis. *Cathcart v. Sugenheimer*, 18 S. C. 123 (1882). Persons of unsound mind, like infants, are under the special protection of the courts of equity with respect to their persons, property, and legal transactions. *Ward's Committee v. Kimbel*, 222 Ky. 517, 1 S. W. (2d) 952 (1928).

At common law, where a person is mentally incompetent at the time he executes a legal instrument, and the person taking the instrument has knowledge of that fact, the transaction is void and third parties claiming under it have no enforceable rights against the incompetent by reason of the instrument. *Elias v. Enterprise Building & Loan Association*, 46 S. C. 188, 24 S. E. 102 (1896) (power of

attorney). Accordingly, where a person lacking mental capacity executes a deed to a grantee with notice of the incapacity, and the grantee in turn executes a mortgage on the property to a third person, the mortgage is not binding on the incompetent, even though the mortgagee is a bona fide purchaser for value without notice. *Rogers v. Blackwell*, 49 Mich. 192, 13 N. W. 512 (1882); *Tate v. Potter*, 216 Ga. 750, 119 S. E. (2d) 547 (1961). A person whose mind is so unsound as not to have capacity to contract is incapable of making a binding deed of conveyance. *Woolley v. Gaines*, 114 Ga. 122, 39 S. E. 892 (1901). A deed which is void as between the incompetent grantor and his grantee is not made valid by a subsequent transaction between the grantee and an innocent third party. *Rogers v. Blackwell, supra.*[1] The third party's good faith cannot supply the grantor's want of capacity. *Tate v. Potter, supra.*

This rule is supported by both logic and equity. Since the deed conveys no rights to a grantee with notice of the grantor's incompetency, the grantee has no interest which he can mortgage. His mortgage to a third party is thus incapable of binding the land. When he purports to mortgage the land, the court is faced with a problem of the equities between two innocent parties — the incompetent grantor and the innocent third party mortgagee. In this situation, the equities favor the incompetent grantor. The third party mortgagee is in a superior position to protect himself. He can take warranties of title from the mortgagor and he can also insure against undisclosed defects in the mortgagor's title by purchasing mortgagee's title insurance. Commercial lenders like First American commonly protect against the risk of defects in the mortgagor's title in both ways. The incompetent, on the other hand, is incapable of

---

[1] Later decisions of the Michigan Supreme Court have modified *Rogers v. Blackwell* to the extent it holds an incompetent's deed, given for value, is absolutely void, not merely voidable. *See Brown v. Khoury*, 346 Mich. 97, 77 N. W. (2d) 336 (1956). This rule is consistent with the law in South Carolina which holds that an incompetent may not set aside a transaction from which he has benefitted unless he restores the other party to the status quo ante. *See Ballard v. McKenna*, 25 S. C. Eq. (4 Rich Eq.) 358 (1852). A careful reading of *Rogers v. Blackwell* indicates the decision did not turn on a distinction between "void" and "voidable" acts of an incompetent, but between "voidable" and "valid" acts of an incompetent.

conducting his own affairs or protecting his own interests. His need for protection by the court of equity is correspondingly greater than the mortgagee's. If we held an incompetent's transactions could be made valid by a subsequent transaction with an innocent third party, we would create an open avenue for disposing of an incompetent's property through fraud and imposition.

This case does not come within the rule that a contract entered into with an incompetent person in good faith, without notice of the incompetence, and upon a fair consideration will be supported if it has been executed and the parties cannot be restored to their original position. *See Ballard v. McKenna,* 25 S. C. Eq. (4 Rich. Eq.) 358 (1852); *Langley v. Cease,* 122 S. C. 203, 115 S. E. 230 (1922); *Dominick v. Rhodes,* 202 S. C. 139, 24 S. E. (2d) 168 (1943); *Eaddy v. Dorn,* 345 S. E. (2d) 513 (S. C. Ct. App. 1986). In this case, there is no evidence that Leroy gave value for the deed from Mrs. Shepard. On the other hand, the evidence shows he has actual notice of his mother's mental incompetence; he himself had petitioned to have her adjudicated incompetent before he took the deed from her. Although First American may have had no actual knowledge of Mrs. Shepard's incompetence, it is not in the position of one who gave value to the incompetent. Mrs. Shepard received no benefit from the mortgage transaction, to which she is a stranger. She is under no obligation to make restitution of the consideration paid to her grantee as a precondition for having the mortgage set aside. *Tate v. Potter, supra.*

In view of our disposition of the appeal, we find it unnecessary to address the additional question of whether First American had constructive notice of Mrs. Shepard's incompetence.

Reversed.

SANDERS, C. J., and SHAW, J., concur.